United States v. Paravaznikov, case number 222638, thank you. All right, Ms. Wolfe, you have reserved two minutes for rebuttal. We'll hear from you. Thank you. This case should be remanded for resentencing to give Judge Ross an opportunity to sentence Mr. Parav on a full record. Can we please call him Mr. Paravaznikov? I'll try, but yes, okay. I am disconcerted by the, unless that's a name that he chooses to use, I'm disconcerted by it because he's a real person who comes to us with that name. You got it.  The full record includes Mr. Paravaznikov's letter regarding his stay at MDC and other records or other information about the circumstances at MDC during the pandemic, and some of it could come from judges' decisions. The full record would also include- Okay, let me ask you, I guess I'm unsure about what this appeal is about because the appeal raises, according to your own briefing, two issues. The first issue is this appeal is an appeal of the consecutive nature of the sentence, largely consecutive, and by the amended judgment, entirely consecutive, is not barred by the appeal waiver. I don't think that's really now in question. So my thought would have been the next step would be now that I've established I'm permitted to appeal the consecutive nature of the sentence, I hereby appeal it, but you don't. There's no objection that the consecutive imposition of the sentence was either procedurally or substantively unreasonable. There's no claim that it was in any way inappropriate. The next claim immediately is ineffectiveness for not discussing effectively the lockdown conditions at MDC and for providing the letters. So you are not asking us, I don't think, on appeal to find the sentence unreasonable. Is that right? Well, not unreasonable, but that the- Well, let me put it this way. Counsel did say that Mr. Parivasnikov is serving more time in Pennsylvania because of the New York case as a basis for asking for a fully concurrent sentence. And the judge in imposing sentence said that were she to give a fully concurrent sentence, that wouldn't be any punishment at all for New York. And I think that she was laboring under a misimpression, partly because there was no development of why and how much additional time he got in Pennsylvania. And I guess it would be procedural error- How could you say there was no when counsel said, but for this case, he would have gotten the benefit of the cooperation in the Pennsylvania case and wouldn't have gotten any time? That's exactly what counsel argued. He did argue that. Okay, so the record does, the district court here sentencing him on the New York case was aware that he had received a jail sentence and knew exactly how much that jail sentence was because the court did the calculation and actually suspended six months of the 24 month sentence so that he would have a sentence of an additional 18 months. I mean, the district judge did the math. So look, he got 48 months in New York. He's been held, presumably he was getting jail credit for both cases. The court, and I did the math. It looks like the court calculated how long he was not getting credit on the New York case because he had been sentenced on the Pennsylvania case. And then only made six months of it non-concurrent so that he would get full credit for the time he was already now a sentenced prisoner out of the Pennsylvania case. So I'm struggling with how you can make the argument that the district court judge, in this case, was not fully aware of the facts of the Pennsylvania case. The fact that he had a cooperation agreement there. The fact that he wouldn't have been incarcerated but for the New York case. The fact that he got a jail sentence and that the judge in Pennsylvania took into account the new arrest in New York. All of that was before the district court and all of it presented by defense counsel. So I guess I'm struggling why you say the record isn't clear. Here's what the judge didn't take into account because it wasn't developed. And that is, in Pennsylvania, even though pleading guilty is a massive benefit to the administration of justice, he didn't get the three points. But you're not challenging his sentence. You're just bringing an ineffective assistance claim. Yes. What happened also, I mean, it wasn't set out in a separate point. But the argument includes an argument that the judge committed procedural error when she said, he's not going to be punished at all if I give him a concurrent sentence. So, but that, what's missing is that he didn't get those three points in Pennsylvania for pleading guilty. Which is always the biggest bargaining chip. And those three points amount to 21 months in Pennsylvania, in the Pennsylvania guidelines. But counsel, you're arguing the case as if you're claiming to us that the district court made a mistake at sentencing. When the only claim you raise is ineffective assistance. Which means you have a harder burden. You now have to prove that counsel's performance was deficient in presentation of that to the district court here. Why did you not raise that argument as a direct appeal? Why did you frame it as an ineffective assistance of counsel? I wish I hadn't. I wish I had fully set out that, and we make mistakes as counsel. And if I were to ever do anything that was to my client's detriment, I would want to see it corrected. How can we consider the ineffective assistance of counsel claim on this appeal when it wasn't raised below? And all the essential questions that go to the factual issue of whether there was ineffective assistance of counsel. None of them were raised in the district court. There's no record on that. So the virtually inevitable consequence is that it gets put over and your client can raise it as a 2255. But it can't be adjudicated on this appeal. My argument is twofold on that. One is that we can see the absence. Absence of the development of the MDC conditions on the record. And we can see the absence of anything concrete that shows that Mr. Paravaznikov has done, is doing more time in Pennsylvania because of the New York case. And therefore- But it's because of the violation of the conditions of his release in Pennsylvania. Right, by committing his crime. And this case is, it's like when you have a supervised release violation layered on a new case, right? It's both. But he lost the three points for acceptance and the third point because he violated the conditions of his release. And having, I don't think, looked at his plea agreement in Pennsylvania, it probably said we reserve the right to withhold the three points if you violate the conditions of your release. Right. So, it was that, you know, in the supervised release context, we talk about the punishment being for the abuse of the court's trust, as opposed to for the substantive new offense committed. Isn't that what was happening in Pennsylvania? Well, it's the same conduct. Comes out as the same conduct. The reason why he lost the three points was for the same conduct as he was prosecuted for in New York. The reason why he lost the three points is because he got an obstruction enhancement for the New York case. So, he gets the obstruction enhancement and doesn't get the acceptance of responsibility. And all of this hinges on counsel's failure at the sentencing hearing to respond to the court saying, I mean, as a practical matter, that would be like giving him no additional sentence. That's the error that you claim is counsel's failure to respond when the court said that. And counsel's failure to show how he's doing more time in Pennsylvania. The argument that was made was, you know, a lot of speculation about what the judge would or would not have done about cooperation. Anything further, Your Honor? We'll hear from the government. May it please the court. My name is Dana Rehnquist. I'm an assistant United States attorney in the Eastern District of New York. And I represented the government at the sentencing hearing before the district court. In the first instance, the government agrees that the only issue before this court currently is an ineffective assistance of counsel claim. And that there was no appeal as to the actual procedural or substantive reasonableness of the sentence that was issued by the district court. Each point raised by defendant appellant to support their ineffective assistance of counsel claim, namely the conditions at the Metropolitan Detention Center and the impact of the Eastern District of New York case on the Pennsylvania sentence, were raised by defense counsel in front of the district judge in part of the sentencing record. Any claim that defense counsel's lack of emphasis on these points was either objectively unreasonable and that he thereby suffered prejudice is without merit. Finding otherwise would set a precedent to second-guess every discretionary decision raised by defense counsel at sentencing. And would lead potentially to re-litigating every sentencing. Not to mention that not only was it objectively reasonable for defense counsel to write on these issues, to argue these issues in front of the district judge, the defendant also spoke to the conditions at MDC. And throughout the sentencing hearing, defense counsel emphasized that he was seeking the sentence to be concurrent with a sentence in the Pennsylvania case. But beyond that, there was no prejudice that was suffered because of any objective unreasonableness on defense counsel's argument. Here, the defendant initially received a guideline sentence of 24 months and then with the amended judgment received a below guideline sentence. Unless the court has further questions, we submit that defendant appellant has not made an ineffective assistance of counsel claim and that the court may resolve that claim here and it can be similarly rejected on the record as it stands. Because neither prong of Strickland has been satisfied. We request that the court affirm the district court's judgment. All right. Thank you, counsel. I have one additional line to add. Let's get you in front of the microphones. What? Let's get you in front of the microphones so we can hear you. In case I didn't say it before, Mr. Parivasnikov wrote a pretty long letter to the judge. It was never mentioned by his lawyer or by the court. We don't know whether she considered it, but usually when clients write letters to the judge, they just send it off to the defense counsel. She may have just put it on the docket to give him notice of it, but it should have been. That's the client's letter. That's what the client has to say after with the benefit of a lot of thinking. So what? So it wasn't brought to the court's attention for consideration during the sentencing. Counsel was ineffective in not making that happen. This court can either just remand it on an ineffectiveness and then whether there should be resentencing or conclude that there was ineffective assistance of counsel and remand for resentencing. All right. Thank you, counsel. Thank you.